UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD DIAZ,

       Plaintiff,

v.                                                CASE NO.: 8:04-CV-2031-T-27MAP

VERIZON WIRELESS EMPLOYEE
BENEFITS COMMITTEE as Plan
Administrator of the VERIZON
WIRELESS HEALTH and BENEFITS
and METROPOLITAN INSURANCE
COMPANY as the Claims Administrator
of the VERIZON WIRELESS HEALTH
and WELFARE BENEFITS PLAN,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is an action to recover one month of short-term disability benefits governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Plaintiff, Richard Diaz, a cellular technician with Verizon Wireless ("Verizon"), alleges disability due to depression and panic attacks. On August 18, 2003, he stopped working and applied for short term disability benefits with his employer. Initially, MetLife, Verizon's claims administrator, approved benefits for one month. However, when Plaintiff failed to offer proof establishing a continuing disability as required, MetLife denied benefits after September 15, 2003. Plaintiff asserts Defendants failed to afford him an adequate review and wrongfully terminated his benefits. All parties have moved for summary judgment (docs. 31, 34, 38). After considering the summary judgment record I find that MetLife fairly reviewed Plaintiff's claim and its decision denying benefits was not wrong. Therefore, I recommend the district judge grant the Defendants'

motions for summary judgment.[1]

*B. Standard of Review*

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

Furthermore, "in an ERISA benefit denial case ... in a very real sense, the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." *Curran v. Kemper Nat'l Servs., Inc.,* 2005 WL 894840 (11th Cir. May 16, 2005) quoting *Leahy v. Raytheon Co.*, 315 F.3d 11, 17-18 (1st Cir. 2002).

*C. Discussion*

*1. the administrative decision*

Plaintiff, a cellular technician, participated in Verizon's ERISA-governed benefit plan (the "Plan") offering both short-term and long-term disability income protection, a Plan that MetLife administered and Verizon sponsored. To qualify for short-term disability, an employee must be

---

[1] United States District Judge James D. Whittemore referred this matter to me pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b) (doc. 44).

totally disabled as defined in the Plan, namely: "a physical or mental impairment that totally prevents you from performing the material and substantial duties of your regular occupation and you are not working for wages under any occupation." Further, to receive short-term disability benefits the employee "must be under the care of a legally licensed medical practitioner and receiving appropriate treatment for the medical condition that caused your disability." These benefits are payable for up to 26 weeks, and the employee must provide satisfactory proof of a continuing disability to receive further benefits (doc. 7-2, p. 9). At all times, MetLife is responsible for disability certification and has discretionary authority to decide if an individual is entitled to benefits (doc. 7-2, p. 30).

Plaintiff, alleging disability due to depression and panic attacks, ceased working and submitted a claim for short term disability benefits on August 18, 2003. MetLife approved benefits for a month without any medical documentation. In a September 2, 2003, letter, MetLife informed Plaintiff that if he wanted benefits beyond the initial one month period, he should have his health care provider submit specific medical proof (including office notes, diagnostic test results, operative reports, medications, his functional abilities, and the expected date of return to work) (doc. 32-2). Despite MetLife's request, Plaintiff did not send any additional information. Accordingly, MetLife denied further benefits by letter dated October 8, 2003. That letter also instructed Plaintiff he could appeal the decision by submitting a written request within 180 days of receiving the denial letter and in turn it would make a final benefits decision within 45 days of receiving the appeal letter (doc. 32-2, p. 23). Plaintiff appealed one week later. He advised that he would be unable to return to work until October 13, 2003, and included a note from his psychiatrist. In the note, the psychiatrist, Dr. Singh, stated he would release records to MetLife upon request.

Following Plaintiff's appeal, MetLife assigned a board certified psychiatrist to perform a Physician Consultant Review. Dr. Schroeder noted the absence of any documentation to establish a disability that would prevent Plaintiff from performing the essential duties of his occupation. After this review, MetLife contacted Plaintiff. Notably, Plaintiff confirmed that he did not intend to submit any more medical records or documentation supporting his appeal. MetLife affirmed the decision denying benefits on November 17 and administratively closed the case. Four days later Plaintiff's psychiatrist wrote a letter to MetLife asking for reconsideration of its decision. Although Dr. Singh opined Plaintiff could not work until October 14, 2003, the psychiatrist failed to include test results, treatment notes, or other medical records to support his conclusion. Neither did the physician offer any psychiatric diagnosis.

Plaintiff now contends that Defendants did not give him a full and fair review during his appeal and that the decision denying him benefits was wrong. Defendants assert that MetLife's decision was not wrong and was supported by the record.

### 2. *the Eleventh Circuit's ERISA checklist*

The Eleventh Circuit, guided by *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (11th Cir. 1989), applies three different standards for reviewing ERISA benefits determinations: (1) *de novo* if the plan does not grant any discretion to the administrator in making the benefits determination; (2) arbitrary and capricious if the plan grants the administrator discretionary authority; and (3) heightened arbitrary and capricious if the administrator has a conflict of interest. *Williams v. BellSouth Telecommunications, Inc.*, 373 F.3d 1132, 1134-35 (11th Cir. 2004). *Williams* incorporates these standards into a multi-step checklist designed to simplify the analysis for "virtually all ERISA-plan benefit denials." *Id.* Hence, a reviewing court must:

(1)     Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (namely, the court disagrees with the decision); if the court agrees with the administrative decision, the inquiry ends and the administrative decision should be affirmed.

(2)     If the administrator's decision is "*de novo* wrong," the court next determines if the administrator was vested with discretion in reviewing the claims and if not, the inquiry ends and the decision should be reversed.

(3)     If the administrator's decision is "*de novo* wrong" and he was vested with discretion, the court must determine if reasonable grounds support it (this review under the more deferential arbitrary and capricious standard).

(4)     If no reasonable grounds exist, the decision should be reversed; however, if reasonable grounds do exist, the court must next determine if the administrator operated under a conflict of interest.

(5)     If no conflict, the inquiry ends and the decision is affirmed.

(6)     If a conflict is present, the court applies the heightened arbitrary and capricious review to decide if the decision should be affirmed or reversed.[2] *Id* at 1137-1138.

*D. Discussion*

*1. full and fair review*

Plaintiff argues that MetLife did not give him a full and fair review. Indeed he characterizes

---

[2] The Court in *Williams* described the heightened arbitrary and capricious standard as "somewhere between the *de novo* and 'mere' arbitrary and capricious standard." *Williams v. BellSouth Telecommunications, Inc.,* 373 F.3d 1132, 1138 (11th Cir. 2004)

MetLife's consideration as a "gotcha" review of his claim.³  In short, Plaintiff seems to argue that MetLife did not give him enough time to support his claim.  Although it is somewhat unclear, he appears to contend that the Plan gave him 180 days to submit documentation in support of his claim even after sending in his letter requesting an appeal.

Plaintiff's claim misreads the regulatory scheme which allowed him 180 days to notify MetLife of his intention to appeal its decision. *See* 29 C.F.R. § 2560.503-1(h)(3)(I).  Once MetLife received Plaintiff's notice, it had 45 days to reach a final benefits determination.  *See* 29 C.F.R. § 2560.503-1(i)(3).  Consequently, Plaintiff's 180 day period ended when he sent his request for appeal to MetLife.  MetLife provided Plaintiff with a full and fair review of his claim.

*2. applying the Eleventh Circuit's checklist*

The first step in the Court's analysis is to determine whether MetLife's decision to terminate Plaintiff's short term disability benefits was "wrong."  Plaintiff's claims here rest mainly on the medical records of his treating physician, Dr. Gadea.  He appears to assert that MetLife disregarded or misinterpreted Dr. Gadea's records, as its benefits termination date of September 15, 2003, was arbitrary.  Lastly he maintains MetLife had an obligation to contact his psychiatrist and request all relevant medical records.  These arguments are without merit.

The Plan requires Plaintiff to prove he is entitled to benefits. *Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998).  And Plaintiff bears this regardless of whether his claim was denied from the beginning or if his benefits were discontinued after some time. *Hufford v. Harris Corp.*, 322 F.Supp.2d 1345, 1360 (M.D. Fla. 2004)(claimant "retains the burden

---

³ Plaintiff never fully explains what he means by the term "gotcha" review.  This Court is not aware of any applicable legal definition.

of proving continued disability" and administrator has no burden of proving a change in claimant's condition to justify benefits termination). In Dr. Gadea's records, he noted on September 2, 2003, that Plaintiff had depression, insomnia and anxiety, was not eating, and had significant weight loss (doc. 32-3). Dr. Gadea also indicates Plaintiff would be out of work for six to eight weeks. However, at a follow-up visit the doctor noted Plaintiff was feeling better with Zoloft, sleeping better, and his depression was improving (doc. 32-3). As proof that MetLife should have extended his benefits an additional month, Plaintiff notes Dr. Gadea signed his Family and Medical Leave Act form, indicated his extended absence from work, and referred him to a psychiatrist. However, nowhere in the record are there treatment notes or examination records from the psychiatrist, Dr. Singh. Of note is the fact that Plaintiff did not even visit Dr. Singh until October 2, 2003, only 11 days before he eventually returned to work in his own occupation with Verizon with no limitations. Plaintiff's six pages of medical evidence and his subjective complaints do not suggest MetLife was wrong in denying further benefits. Similarly, MetLife had no obligation to contact Plaintiff's physicians to request medical documentation as it is Plaintiff's responsibility to provide MetLife with all the necessary information to make a determination regarding his disability. Plaintiff did not meet his burden of proving disability; therefore, he has not demonstrated that MetLife's decision was "wrong."

But even assuming that MetLife's decision was "wrong," MetLife's termination of benefits was not arbitrary and capricious if MetLife reasonably construed the Plan and the record reasonably supports its decision. *See Brown v. Blue Cross & Blue Shield of Ala.*, 898 F.2d 1556, 1567 (11th Cir. 1989). The Plaintiff's submissions conflicted with MetLife's consultant review and the natural and reasonable inferences MetLife deduced from the record. MetLife reasonably supported its denial

based on the facts presented to competent claims administrators following routine procedures in processing Plaintiff's claim.

Therefore, I hereby

RECOMMEND:

1.  Defendant MetLife's Motion for Summary Judgment (doc. 34) and Verizon Wireless' Motion for Summary Judgment (doc. 38) be GRANTED

2.  Plaintiff's Motion for Summary Judgment (doc. 31) be DENIED.

IT IS SO REPORTED at Tampa, Florida on May 4, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(c); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     Honorable James D. Whittemore
        Counsel of Record