UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD DIAZ,**
      **Plaintiff,**

vs.                               Case No. 8:04-CV-2031-T-27MAP

**VERIZON WIRELESS EMPLOYEE
BENEFITS COMMITTEE,** *et al.*,
      **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation ("R&R") submitted by Magistrate Mark A. Pizzo (Dkt. 49) recommending that MetLife's Motion for Summary Judgment (Dkt. 34) and Verizon Wireless's Motion for Summary Judgment (Dkt. 38) be granted and Plaintiff's Motion for Summary Judgment (Dkt. 31) be denied. Plaintiff has filed objections to the R&R (Dkt. 49) and Defendants have filed responses to Plaintiff's objections (Dkts. 55, 56). After careful consideration of the R&R in conjunction with an independent examination of the motions, memoranda of law and the administrative record, this Court concludes that the R&R should be adopted and otherwise confirmed and approved in all respects.

### Standard of Review

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)©).

1

## Discussion

Plaintiff objects to the Magistrate Judge's conclusions that MetLife provided Plaintiff with a full and fair review and that MetLife's decision was not arbitrary and capricious.

## **Full and Fair Review**

### Failure to Address 29 C.F.R. § 2560.503-1(i)(4)

Plaintiff contends that MetLife refused to comply with 29 C.F.R. § 2560.503-1(i)(4) because it did not extend the forty-five day time period it had to review Plaintiff's claim for disability benefits. In accordance with 29 C.F.R. § 2560.503-1(i)(3), the plan administrator must notify the claimant of the plan's benefit determination on review within forty-five days. Section 2560.503-1(i)(1) permits an administrator to extend the forty-five day time period if it "determines that special circumstances (such as the need to hold a hearing . . .) require an extension of time for processing the claim." Section 2560.503-1(i)(4), in relevant part, provides:

> In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

Contrary to Plaintiff's assertion, these provisions do not require an extension of time, rather they were implemented for the benefit of the plan administrator and permit the administrator an extension beyond the forty-five days only when special circumstances exist. Section 2506.503-1(i)(4) merely tolls the period of time within which the plan administrator must make a benefit determination if the administrator requests additional information from the claimant. The regulations relied on by Plaintiff simply do not require a plan administrator to extend the review

2

period because a beneficiary fails to present supporting documentation within the first forty-five days. Plaintiff's objection in this regard is therefore overruled.

**Failure to Address Fiduciary Duty**

Plaintiff also contends the Magistrate Judge failed to address MetLife's breach of its fiduciary duty in connection with MetLife's failure to request additional medical documentation from Plaintiff's physicians. Plaintiff's argument is interpreted as another objection relating to whether Plaintiff received a full and fair review.

Plaintiff fails to establish that MetLife acted unfairly or contrary to the terms of the Plan. Pursuant to the Plan, benefits are not warranted when "the employee cannot provide acceptable objective medical evidence, as determined by MetLife in its sole discretion." (Dkt. 39, Ex. A, Managed Disability SPD, p. 9). The Plan expressly provides that "[i]f the employee or the employee's Physician does not provide MetLife with the necessary documentation in the time period required by MetLife, the employee's claim will be denied." (Dkt. 39, Ex. A, Managed Disability SPD, p. 7). Accordingly, the Magistrate Judge correctly concluded that the Plan requires *Plaintiff* to prove he is entitled to benefits. *See Horton v. Reliance Standard Life Ins. Co.*, 141 F.3d 1038, 1040 (11th Cir. 1998); *see also Lucy v. Macsteel Serv. Ctr. Short Term Disability Plan*, 2004 WL 1784453, *3 (4th Cir. 2004) (plan administrator under no obligation to develop evidence that claimant is not disabled before denying benefits). The record demonstrates that MetLife gave Plaintiff several opportunities to provide additional documentation in support of his claim prior to denying his appeal. (Administrative Record, 0035, 0050-51). Plaintiff has not established that MetLife failed to fulfill its obligation to provide a full and fair review of Plaintiff's claim. In this regard, therefore, Plaintiff's objection is overruled.

## MetLife's Decision to Deny Benefits

Plaintiff objects to the Magistrate Judge's conclusion that MetLife's decision to terminate Plaintiff's benefits was not arbitrary and capricious. Specifically, Plaintiff claims it was an abuse of discretion for MetLife to refuse to consider Dr. Singh's November 21, 2003 letter.

MetLife completed its review of Plaintiff's claim on November 17, 2003. Dr. Singh's November 21, 2003 letter was not part of the administrative record considered by MetLife upon its review of Plaintiff's appeal. Accordingly, this Court cannot consider the letter in determining whether MetLife's decision was arbitrary and capricious. *See Jett v. Blue Cross Blue Shield of Ala.*, 890 F.2d 1137, 1139 (11th cir. 1989). MetLife was not required to re-open the claim after its final review to consider additional evidence presented by Plaintiff. *See Paramore v. Delta Airlines, Inc.*, 129 F.3d 1446, 1450 (11th Cir. 1997) (a decision is not arbitrary and capricious if reasonably based on the information known to the plan administrator at the time the decision was rendered). Moreover, Plaintiff has not demonstrated that he was harmed or prejudiced by MetLife's decision not to consider Dr. Singh's November 21, 2003 letter as the letter did not include any objective medical evidence in support of his disability.

The Magistrate Judge correctly concluded that Plaintiff did not meet his burden of proving disability in accordance with the Plan terms. Likewise, the Magistrate Judge correctly concluded that MetLife's decision to terminate benefits was neither wrong nor unreasonable. It was reasonable for MetLife to rely on Dr. Schroeder's External Physician Consultant Review and to deduce from the limited record submitted that Plaintiff's depression had improved. Plaintiff's objection is therefore overruled.

**ORDERED AND ADJUDGED** that

1. The Report and Recommendation (Dkt. 45) is approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff's Motion for Summary Judgment (Dkt. 31) is DENIED.

3. Defendant MetLife's Motion for Summary Judgment (Dkt. 34) and Defendant Verizon Wireless's Motion for Summary Judgment (Dkt. 38) are GRANTED.

4. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 22nd day of August, 2006.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record